Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

FILED

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

2022 JUL 12 P 2:48

Alexandria Division

ORAYL INGRAM

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

**-v-**

The COMMONWEALTH OF VIRGINIA ET AL
_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:22CV778
*(to be filled in by the Clerk's Office)*
MSN/IDD

Jury Trial: *(check one)* ☒ Yes  ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | ORAYL INGRAM |
| Address | 3302 GLEN CARLYN ROAD |
| | FALLS CHURCH          VA          22041 |
| | *City*          *State*          *Zip Code* |
| County | FAIRFAX |
| Telephone Number | 484-242-9385 |
| E-Mail Address | DIRDYBIRDDAD23@GMAIL.COM |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | The Commonwealth of Virginia |
| Job or Title *(if known)* | |
| Address | 1111 E Broad St Ste 3 |
| | Richmond          VA          23219 |
| | *City*          *State*          *Zip Code* |
| County | Richmond |
| Telephone Number | (804) 786-2211 |
| E-Mail Address *(if known)* | |
| | ☑ Individual capacity    ☑ Official capacity |

Defendant No. 2

| | |
|---|---|
| Name | City  of Fairfax, Virginia |
| Job or Title *(if known)* | |
| Address | 10455 Armstrong St Ste 1 |
| | Fairfax          VA          22030 |
| | *City*          *State*          *Zip Code* |
| County | Fairfax |
| Telephone Number | (703) 385-7811 |
| E-Mail Address *(if known)* | |
| | ☑ Individual capacity    ☑ Official capacity |

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | Fairfax County Department of Child Protective Services |
| Job or Title *(if known)* | |
| Address | 12011 Government Center Parkway, Pennino Building |
| | Fairfax | VA | 22035 |
| | *City* | *State* | *Zip Code* |
| County | Fairfax |
| Telephone Number | 703-324-7500 |
| E-Mail Address *(if known)* | |

☑ Individual capacity    ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Fairfax County Police Department |
| Job or Title *(if known)* | |
| Address | 12099 Government Center Parkway |
| | Fairfax | VA | 22035 |
| | *City* | *State* | *Zip Code* |
| County | Fairfax |
| Telephone Number | 703-691-2131 |
| E-Mail Address *(if known)* | |

☑ Individual capacity    ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

The 4th Amendment of the U.S. Constitution (due process/speedy trial) in conjunction with the Interstate Agreement on Detainers Act. Additionally, Unlawful civil conspiracy under section 1983.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Civil Complaint : Defendants (Attached)

**Defendant No. 5**

Name                                   Fairfax County Commonwealth Attorney's Office

 Job or Title (if known)

Address 4110 Chain Bridge Rd # 103       City Fairfax       State VA         Zip Code 22030

County Fairfax

Telephone Number (703) 246-2776

E-Mail Address (if known)               ✓ Individual capacity  ✓ Official capacity


**Defendant No. 6**

Name                                   Commonwealth of Virginia Department of Social Services

 Job or Title (if known)

Address 801 E Main St                   City Richmond   State VA        Zip Code 23219

County Richmond

Telephone Number (804) 726-7000

E-Mail Address (if known)               ✓ Individual capacity  ✓ Official capacity


**Defendant No. 7**

Name                                   Richard Mullins

Job or title (if known)                Detective with Fairfax County Police Department

Address 12099 Government Center Parkway       City Fairfax       State VA        Zip Code 22035

County Fairfax

Telephone Number 703-691-2131

E-mail Address (if known)               ✓ Individual capacity  ✓ Official capacity


**Defendant No. 8**

Name                                   Jonathan Ortiz

Job or Title (if known)                PCA II with Fairfax County Police Department

Address12099 Government Center Parkway              City Fairfax       State VA       Zip Code 22035

County Fairfax

11 3

Civil Complaint; Defendants (Attached)

Telephone Number 703-691-2131

Email Address (if known)          ✓ Individual capacity  ✓ Official capacity


Defendant No. 9

Name                              Angie Combs

Job or Title (if known)           Sergeant with Fairfax County Sheriff's Department

Address 4110 Chain Bridge Rd          City Fairfax      State VA      Zip Code 22030

County Fairfax

Telephone Number 703) 246-2328

E-mail Address (if known          )  ✓ Individual capacity  ✓ Official capacity


Defendant No. 10

Name                              Steve Descano

Job or Title (if known)           Commonwealth Attorney with Commonwealth Attorney's office
of Fairfax, VA

Address 4110 Chain Bridge Rd # 103    City Fairfax    State VA    Zip Code 22030

County Fairfax

Telephone Number (703) 246-2776

E-mail Address (if known)         ✓ Individual capacity  ✓ Official capacity


Defendant No. 11

Name                              Elizabeth Carter

Job or Title (if known)           Case Manager with Fairfax County Child Protective Services

Address 12011 Government Center Parkway Pennino Building    City Fairfax    State VA    Zip
Code 22035

County Fairfax

Telephone Number 703-324-7500

E-mail Address (If known)         ✓ Individual capacity  ✓ Official capacity


2/ 3

*Civil Complaint - Defendants (Attached)*

**Defendant No. 12**

**Name**  County of Fairfax (VA)

**Job or Title (if known)**

**Address** 12000 Government Center Pkwy          **City** Fairfax        **State** VA        **Zip Code** 22035

**County** Fairfax

**Telephone Number** 703-324-7500

**Email Address (If known)**          ✓____ Individual capacity  ✓____ Official capacity

3/3

N/A

---

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

SEE ATTACHED

---

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

The wrongful action brought against plaintiff started in Fairfax County while plaintiff was a prisoner at FCI Loretto in Cambira County (PA). The events continued while plaintiff was shuttled from FCI Loretto to Cambria County Jail then to Fairfax County Detention Center.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

The date of the wrongful action started 09/29/2020. However elements of the claim started as early as 02/2020 leading to the first initial violation of plaintiff's civil rights on 09/29/2020. They continued through until 07/12/2021. However, the complete action did not cease until approximately 09/15/2021.

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED

---

# IId. Basis for Jurisdiction (attached)

All defendants are governing agencies or employees of governing agencies either working for or residing within the Commonwealth of Virginia and/or Fairfax County, VA. Each defendant violated plaintiff's 4th Amendment pursuant to the Interstate Agreement on Detainers Act, which the Commonwealth of Virginia is a party state to. All actions taken plaintiff were under color of law of attempting to unlawfully prosecute plaintiff of a crime charged in the Commonwealth of Virginia. Those actions were taken in an attempt to prevent plaintiff from fairly attempting to gain custody of his children from CPS.

# III c. Statement of claim Attached

Plaintiff was an inmate at FCI Loretto for unrelated charges. During his incarceration, plaintiff's children were removed from the custody of his spouse under suspicion of child abuse and neglect. Fairfax County CPS presided over the custody of plaintiff's daughters. Eventually, plaintiff's spouse agreed to terminate her parental rights of children. Elizabeth Carter of CPS pushed plaintiff to also terminate his right and allow plaintiff's mother to adopt his children despite plaintiff's clear objection. Plaintiff's parental rights were terminated regardless. However, the covid-19 pandemic delayed the court system so plaintiff advised Carter that he'd be able to get release in time to make an appearance for his appeal for his parental rights. Once Carter confirmed that plaintiff would be released prior to the date she expected, she reached out to Detective Mullins of the FCPD to open a criminal investigation into abuse allegations against plaintiff. On the day plaintiff was scheduled to leave, Mullins and Carter advised FCI Loretto officials that they intended to file criminal charges against plaintiff and to hold him on a detainer. Plaintiff was not released and filed action with Warden Moser of FCI Loretto for action to be taken under the Interstate Agreement on Detainers Act. The IADA's purpose is to provide inmates who are charged with crimes in other jurisdictions while incarcerated a way to effectuate just action be taken in order to have a final resolution in the charges placed against him. Plaintiff by way of Warden Moser sent the required documents to Commonwealth Attorney Steve Descano and the Clerk of the District court of Fairfax County in accordance with the IADA on October 26.2020. FCPD nor the Commonwealth Attorney's Office made any plans to lawfully gain custody of plaintiff from FCI Loretto pursuant to the IADA. On or about 10/22/20, plaintiff lost his appeal for his parental rights to his children. Carter testified during that hearing that she was very concerned to hear about the allegations against plaintiff in February of 2020. Despite this, and her legal responsibility to the safety of the children in her care, she allowed plaintiff to continue to call his mother's house to speak to his allege victim. When Carter

1/3

IIIC. Statement of Claim (Attached)

visited plaintiff at FCI Loretto she advised plaintiff she didn't believe the allegation as plaintiff's

estranged wife coerced the alleged victim to make the false claim to her therapist. On or about July 15,

2020 a forensic analysis of alleged victims' reproduction system was conducted by a doctor. This report

was not included to the judge when FCPD sought a warrant against plaintiff. On or about December 12,

2020, plaintiff contracted the deadly disease covid-19 while incarcerated at FCI Loretto. Plaintiff would

not have been there had FCPD, the Commonwealth of Virginia, the city and county of Fairfax, and the

Commonwealth Attorney's Office of Fairfax County acted in a timely manner to extradite plaintiff to

Fairfax County. PCA J Ortiz of the FCPD reached out to Cambria County Sheriff's Office and spoke to a

Deputy Kehn around 03/15/2021. Ortiz requested that Kehn charge plaintiff as a fugitive from justice

despite plaintiff's offer to waive extradition to Fairfax County and Virginia and Warden Moser's offer of

temporary custody to FCPD. Despite being physically in Cambria County (PA), plaintiff was in the custody

of the federal government, making any arrest by official from Cambria County unlawful. Despite this,

Kehn arrested plaintiff inside FCI Loretto on 3/25/21. Plaintiff was transferred to Cambria County Jail

and arraigned. Plaintiff advised judge then that he requested action under the IADA from FCI Loretto

and was concerned he was being held unlawfully within their jurisdiction. Judge advised plaintiff he had

no knowledge of any IADA paperwork and offered plaintiff a waiver of extradition. Judge explained to

plaintiff that if he did not sign the waiver, Cambria County could hold him for 90 days. Plaintiff signed

the waiver. Judge advised plaintiff's legal counsel that if they discover any documents related to the

IADA, that they could request an emergency hearing to release plaintiff. On or about 4/9/2021. plaintiff

submitted an inmate request form at Cambria County Jail and advised officials there he was being held

unlawfully in their jail. Official advised plaintiff that they reached out to FCPD and were told they could

release plaintiff if they did not pick him up by the following Monday. FCPD did pick plaintiff up on

4/12/21, marking their arrest as also unlawful as part of the fruits of the poisonous tree doctrine. FCPD

extradited plaintiff to Fairfax County, VA where he was held without bond at Fairfax County Detention

2/3

III C. Statement of Claim (Attached)

Center. Plaintiff was assigned Amy Jordan as his public defender. Shortly after arriving, plaintiff advised Jordan of his rights being violated under the IADA. However, Jordan advised plaintiff she had no knowledge of the IADA documents plaintiff sent in 10/20. When plaintiff requested that Jordan reach out to FCI Loretto to ask about the IADA documents she refused. Jordan told plaintiff she will not seek to attempt find documents nor does she believe the IADA provisions would get charges dismissed against plaintiff despite IADA's plain language on dismissal of charges. Plaintiff then advised Sergeant Angie Combs of FCPD that they along with the city and County of Fairfax, and the Commonwealth of Virginia were holding him unlawfully. Pursuant to the IADA, receiving states in the IADA have 180 days to bring an inmate to trial. If they do not bring that inmate to trial with to good reason for delay, the charges against the inmate must be dismissed per the IADA. The IADA is constitutionally protected. When plaintiff advised Combs the 180-day trial limitation had expired, causing him to be unlawfully incarcerated, she reached out to the Commonwealth Attorney's office. Combs told plaintiff she was told "they aren't doing anything with it" by the Commonwealths Attorney's Office. Plaintiff was denied bond twice more. Shortly before plaintiff's preliminary hearing, Jordan called FCDC to advise plaintiff that the prosecution was going to seek a continuance in the case because "they hadn't received all the evidence and documents from CPS yet." Jordan advised plaintiff that the Commonwealth's Attorney's Office agreed to give me a bond. Plaintiff was released on bond from FCDC on July 12, 2021. On or about August 16, 2021, plaintiff's step daughter advised FCPD that she lied about the allegation and that it wasn't true. On or about September 15, 2021, Fairfax County Commonwealth Attorney's Office dropped the charges against plaintiff.

ORAYL INGRAM
On 1 20
3302 GIEN CARLYN RD
FALLS CHURCH, VA 22041
(484)-242-9385

3/3

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff contracted covid-19 while incarcerated at FCI Loretto. Plaintiff suffered from scarring of the lungs and decreased lung capacity. Plaintiff suffered massive migraines and had a temporary involuntary twitch of both eyelids. Plaintiff needed oxygen boosters. The physician at FCI concluded that the plaintiff suffered the twitch due to localized pain and stress combined from anxiety from detainer. Plaintiff also lost his parental rights to his children. Plaintiff lost 10 months of freedom and 10 months worth of potential job income.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Plaintiff seeks his immediate return of his parental rights of M.I and L.I.

Plaintiff addtionally seeks $100,000 each in compensatory damages from Elizabeth Carter, Richard Mullins, J Ortiz, Steve Descano, the city of Fairfax, VA, the county of Fairfax, VA, Fairfax County Police Department, Fairfax County Department of Social Services, the Commonwealth of Virginia Department of Social Services, and the Commonwealth of Virginia. Plaintiff seeks $50,000 in compensatory damages from Angie Combs.

Plaintiff seeks $1,000,000 each in punitive damages from Elizabeth Carter, Richard Mullins, and  J        Ortiz. Plaintiff seeks $100,000 in punitive damages from Angie Combs. Plaintiff seeks $1,500,000 in punitive damages from Steve Descano. Plaintiff seeks $5,740,000 in punitive damages each from the city of Fairfax, VA; the county of Fairfax, VA; Fairfax County Police Department; Fairfax County Department of Social Services; Commonwealth of Virginia Department of Social Services; The Commonwealth of Virginia.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:         07/12/22

Signature of Plaintiff

Printed Name of Plaintiff    Orayl Ingram

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

## Ghost Writing Certification

FILED

Each document filed with the court by a pro se litigant shall bear the following certification:

2022 JUL 12 P 2:49

CERTIFICATION

I declare under penalty of perjury that:

(1) No attorney has prepared, or assisted in the preparation of this document.

ORAUL INGRAM
_____

Name of Pro Se Party (Print or Type)

_____

 Signature of Pro Se Party

Executed on: ___07/12/22___ (Date)

OR

(2) _____

 (Name of Attorney)

_____

 (Address of Attorney)

_____

 (Telephone Number of Attorney)

Prepared, or assisted in the preparation of, this document.

_____

(Name of Pro Se Party (Print or Type)

_____

 Signature of Pro Se Party

Executed on: _____ (Date)